UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 11-60696-CIV-COHN/SELTZER

IN ADMIRALTY

BROWARD SHIPYARD, INC.,

    Plaintiff,

v.

M/Y "LIFE IS GOOD", O.N. 920 932,
her engines, tackle, and appurtenances,
*in rem*, and KEVIN B. BRYANT,
*in personam*,

    Defendants.
_____/

## ORDER GRANTING MOTION FOR IMMEDIATE SALE OF VESSEL

**THIS CAUSE** is before the Court upon Plaintiff Broward Shipyard, Inc.'s Motion for Immediate Sale of Vessel [DE 32] ("Motion"). The Court has considered the Motion, the attached Substitute Custodian's weekly Notices of Expenses of Administration [DE's 12, 13, 15, 16, 20, 23, 25, 28, 29, 30] and Affidavit of Value [DE 32-2], the April 8, 2011 video inventory of the vessel [DE's 33, 35], and the record in this case, and is otherwise advised in the premises.

On June 22, 2011, this Court entered a Final Default Judgment [DE 31] in favor of Plaintiff and against Defendants M/Y Life is Good, *in rem*, and Kevin B. Bryant, *in personam*, in the amount of $23,933.17, including accrued interest to June 1, 2011. In the instant Motion, Plaintiff requests an Order that Defendant M/Y Life is Good be sold at public auction by the U.S. Marshal to satisfy Plaintiff's Judgment against M/Y Life is Good. Plaintiff also requests that it be allowed to credit bid its Judgment at the sale of

the vessel as the holder of a maritime lien judgment against the vessel.

Pursuant to the Federal Rules of Civil Procedure's Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions, a party may move for sale of all or part of certain property and have the sales proceeds paid into court if: "(A) the attached or arrested property is perishable, or liable to deterioration, decay, or injury by being detained in custody pending the action; (B) the expense of keeping the property is excessive or disproportionate; or (C) there is an unreasonable delay in securing the release of the property." Supp. R. E(9)(a)(i). As Plaintiff demonstrates in its Motion, "in the case at bar, all three criteria are met: the Vessel is deteriorating, thus depleting its security value; custodial fees are excessive; and beyond an unreasonable delay, there has been no response whatsoever on the part of Bryant or any other claimants indicating prospects to secure a release of the Vessel." Mot. at 7.

Additionally, credit bidding is allowed in the admiralty foreclosure of maritime liens, to allow a creditor to bid up to the amount of indebtedness without paying additional cash. See, e.g., Broward Marine Refit, LLC v. M/Y "VICTORY", Case No. 07-61705-CIV, 2009 WL 2422398, at **1, 2 (S.D. Fla. Aug. 6, 2009) (lienors permitted to bid judgment in lieu of cash at public sale of vessel, without requiring payment of cash, either as deposit at time of sale or as balance on purchase price). Accordingly, it is hereby

**ORDERED AND ADJUDGED** as follows:

1. Plaintiff Broward Shipyard, Inc.'s Motion for Immediate Sale of Vessel [DE 32] is **GRANTED**;

2

2. The U.S. Marshal for the Southern District of Florida is hereby **DIRECTED** to sell M/Y Life is Good, the 1987 46' Sea Ray motor yacht bearing official number 920 932, and her hull, boats, tackle, apparel, furniture and furnishings, equipment, engines and appurtenances thereto, free and clear of all liens, claims, and encumbrances, at an auction and foreclosure sale in accordance with the Admiralty and Maritime Rules of the Local Rules for the Southern District of Florida, to be held as soon as practicable, but no later than thirty (30) days from the date of this Order;

3. At the auction and foreclosure sale, Plaintiff, as holder of a Judgment and maritime lien, shall be entitled to bid its Judgment in the amount of $23,922.17, or any part thereof in lieu of cash, and shall not be required to pay cash or other payment, either as deposit at the time of sale or as balance of the purchase price;

4. If the vessel is sold at the auction to a party other than Plaintiff, the proceeds of the sale shall be applied first to satisfy Plaintiff's Judgment and thereafter, all reasonable expenses of maintenance, keepers, custodians and watchmen's fees, port risk and other insurance, local newspaper advertising and other expenses necessarily incurred by the U.S. Marshal or its agent and/or by the Substitute Custodian for the preservation of, or sale of, the vessel, and the U.S. Marshal's fees shall be deemed to be court costs and/or costs of sale and/or administrative expenses or the U.S. Marshal to be deducted from the remaining proceeds of sale, with the balance to be deposited in the registry of this

Court further pending the disposition of this action.

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Broward County, Florida, on this 28th day of June, 2011.

_____
JAMES I. COHN
United States District Judge

Copies provided to:
Counsel of record via CM/ECF

Kevin B. Bryant
2288 Edwards Road
Palm Beach Gardens, FL 33410

M/Y LIFE IS GOOD through
its Substitute Custodian
Broward Shipyard
750 NE 7th Avenue
Dania, FL 33004